| | |
|---|---|
| ALICE MCCABE and CHRISTINE NELSON ) ) | |
| Plaintiffs, ) ) | CASE NO.: C05-73 LRR |
| vs. ) ) | |
| BRUCE MACAULAY, MICHAEL PARKER, ) HOLLY MICHAEL, IOWA STATE PATROL,) TROY BAILEY, RICK BUSCH, LINN ) COUNTY, and MICHELLE MAIS ) ) | **FIFTH AMENDED & SUBSTITUTED COMPLAINT & JURY DEMAND** |
| Defendants. ) | |

COMES NOW, the Plaintiffs, Alice McCabe and Christine Nelson, and pursuant to Federal Rules of Civil Procedure 15(a) and (c), file a Fifth Amended and Substituted Complaint and Jury Demand solely to restate the Iowa State Constitutional Claims and to establish that the Plaintiffs have complied with the Federal Torts Claim Act regarding those claims. In support of Plaintiffs cause of action against the Defendants, Bruce Macaulay, Michael Parker, Holly Michael, the Iowa Highway Patrol, Troy Bailey, Rick Busch, Linn County, and Michelle Mais, state the following:

## INTRODUCTION

1. This action is brought pursuant to 42 U.S.C.§1983, 42 U.S.C. §1985(3); the Constitution of the United States of America; and the Constitution of the State of Iowa.

2. All of the unconstitutional acts alleged below were committed by the Defendants in Linn County, Iowa, on September 3, 2004.

## JURISDICTION

3. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331 and 42 U.S.C. §1983 and 1985(3).

4. Venue is appropriate in this judicial district pursuant to 28 U.S.C. §1391(b) in that one or more of the Defendants live and/or do business in this district and the events that give rise to this claim occurred in this district.

**PARTIES**

5. At all times material hereto Plaintiff Alice McCabe (hereinafter referred to as "McCabe") was a citizen and resident of Linn County, Iowa.

6. At all times material hereto Plaintiff Christine Nelson (hereinafter referred to as "Nelson") was a citizen and resident of Linn County, Iowa.

7. Bruce Macaulay (hereinafter referred to as "Macaulay") at all times material hereto was a United States Secret Service Agent and in that capacity was physically present in the Linn County, Iowa, at all times relevant hereto purportedly to provide security and protection for President George W. Bush. Macaulay was involved in causing the illegal and unlawful arrest, imprisonment and strip search of Plaintiff Nelson. He is sued both individually and in his official capacity.

8. Michael Parker (hereinafter referred to as "Parker") at all times material hereto was a United States Secret Service Agent and in that capacity was physically present in the Linn County, Iowa, at all times relevant hereto purportedly to provide security and protection for President George W. Bush. Parker was involved in causing the illegal and unlawful arrest, imprisonment and strip search of Plaintiff McCabe. He is sued both individually and in his official capacity.

9. Holly Michael (hereinafter referred to as "Michael") at all times material hereto was a United States Secret Service Agent and in that capacity was physically present in the Linn County, Iowa, at all times relevant hereto purportedly to provide security and

2
Case 1:05-cv-00073-LRR-JSS    Document 165    Filed 10/05/07    Page 2 of 16

protection for President George W. Bush. Michael was involved in causing the illegal and unlawful arrest, imprisonment and strip search of Plaintiffs. In addition, Michael monitored the crowd outside the event and directed law enforcement personnel to protestors who were then confronted and deprived of their constitutional rights. She is sued both individually and in her official capacity.

10. The Iowa State Patrol is a governmental agency of the State of Iowa, located within the Iowa Department of Public Safety, and was involved in providing security and protection for President George W. Bush during his visit to Cedar Rapids, Linn County, Iowa, on September 3, 2004.

11. Iowa State Trooper Troy Bailey (hereinafter referred to as "Bailey") was physically present in Linn County, Iowa, at all times material hereto purportedly to provide protection and security for President George W. Bush during his visit to Cedar Rapids, Linn County, Iowa, on September 3, 2004. He is sued both individually and in his official capacity.

12. Iowa State Trooper Rick Busch (hereinafter referred to as "Busch") was physically present in Linn County, Iowa, at all times material hereto, purportedly to provide protection and security for President George W. Bush during his visit to Cedar Rapids, Linn County, Iowa, on September 3, 2004. He is sued both individually and in his official capacity.

13. Linn County is a governmental subdivision of the State of Iowa and operates a jail at which the Plaintiffs McCabe and Nelson were unlawfully imprisoned and strip searched after their unlawful and illegal arrests.

14. Michelle Mais is a Linn County resident who was employed as a Deputy Sheriff at the Linn County Jail and processed the Plaintiffs at the time they were unlawfully imprisoned and stripped searched.

**FACTUAL BACKGROUND**

15. McCabe was a 53 year old school teacher who only became active in politics during the election cycle leading up to the November 2004 election because of her disagreement with the policies of the Bush administration, particularly as those policies relate to war with Iraq.

16. Nelson was a 52 year old school teacher who also only became active in politics during the 2004 election cycle largely due to her disagreement with the Bush administration's policies, particularly as they relate to war with Iraq.

17. On September 3, 2004, McCabe and Nelson attended the Bush rally scheduled at Noelridge Park in Linn County, Iowa, for the purpose of protesting the Bush administration's policies, particularly towards the war with Iraq.

18. McCabe wrote on an 8 ½ by 11 piece of paper a sign stating "War no more," and a W with a slash through it. Nelson simply wore a button proclaiming her support for John Kerry and John Edwards.

19. Prior to the September 3, 2004, presidential visit, an official of the Linn County Democratic Party attempted to get law enforcement authorities to designate an area where protestors could gather and show their disagreement with the policies of the Bush administration. Initially, protesters were told they could gather near the Noelridge Park pool house, but after that location was publicly announced, the pool house area was designated as

being within the secure area in an effort to stymie the protest. No other protest zone was ever identified by the United States Secret Service or any other law enforcement agency.

20. Neither the George W. Bush for President Committee, the United States Secret Service, the Republican National Committee, the Iowa Republican Party, the Linn County Republican Party, nor any other entity on behalf of the George W. Bush re-election campaign, took any steps to rent or otherwise officially secure Noelridge Park for the exclusive use of the Bush reelection campaign on September 3, 2004.

21. While Nelson and McCabe were standing on the public sidewalk within the right-of-way of adjacent 42nd Street, Parker approached McCabe and told her that she was standing on "private property" and had to move. Parker also informed McCabe that the park had been rented for the day and was "owned" by the Republican Party. Numerous other individuals were using the sidewalk in the same general vicinity of McCabe and Nelson at the time, none of whom were wearing or displaying signs of disagreement with the policies of the Bush Administration, and none of those individuals were ordered to leave.

22. McCabe complied with the request of Parker to move off the sidewalk and moved into the parking area between the sidewalk and 42nd Street. Nelson also complied with the order by moving into the parking area.

23. After McCabe and Nelson moved into the parking area, Parker approached McCabe again and told her she had to move from the parking area. At that time McCabe was standing right next to an individual who was holding a bucket collecting money for the local Republican Party. McCabe inquired of Parker why she had to move if the individual who was standing there collecting money for the local Republic Party did not have to move. In response, Bailey placed McCabe under arrest.

24. Busch, along with Macaulay, then approached Nelson and ordered her to move from the parking area between the sidewalk and the street. Nelson complied with that order and moved out into 42nd Street.

25. While Nelson was standing in 42nd Street, with numerous other individuals walking around her, none of whom were displaying signs of disagreement with the policies of the Bush Administration, Busch approached Nelson again and told her she had to move to the other side of 42nd Street. While Nelson was backing up to cross to the other side of 42nd Street, she asked Busch why she had to move if other individuals were allowed to occupy the exact same area. In response, Busch placed Nelson under arrest.

26. Michael was in the general vicinity of Nelson and McCabe at the time they were placed under arrest and was pointing out to Macaulay and Parker where protestors were located so that they could be confronted. McCabe and Nelson were identified and ordered to move because they were displaying signs of disagreement with the Bush Administration's policies.

27. Nelson and McCabe were handcuffed and escorted to a holding room where they were held until transported to the Linn County Jail. Upon arrival at the Linn County Jail, Nelson and McCabe were processed and strip searched by Defendant Michelle Mais.

28. Nelson and McCabe were charged with criminal trespass under *Iowa Code* §716.7, despite the fact that said Iowa Criminal Code section specifically states that "the term 'trespass' does not mean the entering upon the right of way of a public road or highway." I.C.A. §716.7(4).

29. The criminal charges filed against McCabe and Nelson were amended by the Linn County Attorney's office to allege interference with official acts.

30. On December 15, 2004, all criminal charges filed against McCabe and Nelson were dismissed pursuant to Motions filed by the Linn County Attorney.

31. At no time relevant hereto did McCabe or Nelson in any way violate any law, including criminal trespass and/or interference with official acts, as alleged by the Defendants. Further, McCabe and Nelson never took any act, or made any statement, that could even remotely be interpreted as a threat to the personal safety of President George W. Bush.

32. McCabe and Nelson did not resist arrest and were cooperative with all officers involved in their arrest and imprisonment. Further, McCabe and Nelson gave no reason to any law enforcement officers, including jail personnel, to believe that they were hiding either a weapon or contraband at the time they were processed into the Linn County Jail.

33. Macaulay, Parker, and Michael are liable for their intentional and unlawful conduct regarding the suppression of dissent with the Bush Administration's policies.

34. The Iowa State Patrol is liable for the intentional and unlawful conduct of State Troopers Bailey and Busch as such conduct was in accord with the policy or practice of the Iowa State Patrol with regard to cooperating with the United States Secret Service in the suppression of dissent with the Bush Administration's policies, and because their actions were foreseeable and within the course and scope of their employment with the Iowa State Patrol.

35. The Defendant, Iowa State Patrol, was and is the employer of State Troopers Bailey and Busch, and therefore they are liable for the acts of their agents, servants and employees under the doctrine respondeat superior.

36. The Defendant Linn County was and is the employer of Defendant Michelle Mais, and therefore is liable for the acts of its agent, servant and employee under the doctrine respondeat superior.

37. The Defendants Macaulay, Parker, Michael, Iowa State Patrol, Bailey and Busch, all met prior to the Cedar Rapids campaign event and discussed and determined how protestors present at the event would be confronted and denied their constitutional rights. At all times material hereto the Defendants were acting under color of State law.

38. The actions of the Defendants in violation of Plaintiffs' constitutional rights constituted a willful and wanton disregard for the rights or safety of the Plaintiffs and caused actual damage to the Plaintiffs, subjecting the Defendants to punitive damages.

## COUNT I-FREEDOM OF SPEECH VIOLATION

39. McCabe and Nelson replead and reallege paragraphs 1 through 38 as fully set forth herein.

40. The Defendants, Macaulay, Parker, Michael, the Iowa State Patrol, Bailey and Busch, with said individuals acting in their official capacities, violated the rights of McCabe and Nelson to exercise freedom of speech guaranteed by the First Amendment to the United States Constitution and Section Seven of the Iowa Constitution. Plaintiffs have complied with the requirements of the Federal Torts Claim Act with regard to the Iowa State Constitution claims.

41. The Defendants, Macaulay, Parker, Michael, the Iowa State Patrol, Bailey and Busch, with said individuals acting in their official capacities, had a policy and/or practice of unlawfully and illegally suppressing dissent expressed by individuals openly disagreeing with the policies of the Bush Administration.

42. The Defendants, Macaulay, Parker, Michael, the Iowa State Patrol, Bailey and Busch, with said individuals acting in their official capacities, proximately caused damages to McCabe and Nelson by denying them their freedom of speech guaranteed by the First Amendment to the United States Constitution and Section Seven to the Iowa Constitution.

WHEREFORE, the Plaintiffs, McCabe and Nelson, pray for judgment against the Defendants, Macaulay, Parker, Michael, the Iowa State Patrol, Bailey and Busch with said individuals acting in their official capacities, in an amount which will fully and fairly compensate them for their injuries and damages, for attorney's fees, for interest and costs as allowed by law, for punitive damages and for such other and further relief as may be just in the premises.

## COUNT II-FREEDOM OF ASSEMBLY

43. McCabe and Nelson replead and reallege paragraphs 1 through 42 as fully set forth herein.

44. The Defendants, Macaulay, Parker, Michael, the Iowa State Patrol, Bailey and Busch, with said individuals acting in their official capacities, violated the rights of McCabe and Nelson by prohibiting them from peaceably assembling as guaranteed by the First Amendment to the United States Constitution and Section Seven of the Iowa Constitution. Plaintiffs have complied with the requirements of the Federal Torts Claim Act with regard to the Iowa State Constitutional Claims.

45. The Defendants, Macaulay, Parker, Michael, the Iowa State Patrol, Bailey and Busch, with said individuals acting in their official capacities, had a policy and/or practice of unlawfully and illegally prohibiting individuals openly disagreeing with the policies of the Bush Administration from peaceably assembling.

46. The Defendants, Macaulay, Parker, Michael, the Iowa State Patrol, Bailey and Busch, with said individuals acting in their official capacities, proximately caused damages to McCabe and Nelson by denying them their right to peaceably assemble as guaranteed by the First Amendment to the United States Constitution and Section Seven to the Iowa Constitution.

WHEREFORE, the Plaintiffs Nelson and McCabe pray for judgment against the Defendants, Macaulay, Parker, Michael, the Iowa State Patrol, Bailey and Busch with said individuals acting in their official capacities, in an amount which will fully and fairly compensate them for their injuries and damages, for attorney's fees, for interest and costs as allowed by law, for punitive damages and for such other and further relief as may be just in the premises.

## COUNT III-UNREASONABLE SEARCH AND SEIZURE

47. McCabe and Nelson replead and reallege paragraphs 1 through 46 as fully set forth herein.

48. The Defendants, Macaulay, Parker, Michael, the Iowa State Patrol, Bailey, Busch, Linn County, and Michelle Mais, with said individuals acting in their official capacities, violated the rights of McCabe and Nelson to be free from unreasonable search and seizure as guaranteed by the Fourth Amendment to the United States Constitution and Section Eight of the Iowa Constitution. Plaintiffs have complied with the requirements of the Federal Torts Claim Act with regard to the Iowa State Constitutional Claims.

49. The Defendants, Macaulay, Parker, Michael, the Iowa State Patrol, Bailey, Busch, Linn County, and Michelle Mais, with said individuals acting in their official capacities, had a policy and/or practice of unlawfully and illegally searching and seizing,

without probable cause, individuals expressing dissent with the policies of the Bush Administration.

50. The Defendants, Macaulay, Parker, Michael, the Iowa State Patrol, Bailey, Busch, Linn County, and Michelle Mais, with said individuals acting in their official capacities, proximately caused damages to McCabe and Nelson by unlawfully and without probable cause, searching and seizing them in violation of their rights guaranteed by the Sixth Amendment to the United States Constitution and Section Eight to the Iowa Constitution.

WHEREFORE, the Plaintiffs Nelson and McCabe pray for judgment against the Defendants, Macaulay, Parker, Michael, the Iowa State Patrol, Bailey, Busch, Linn County, and Michelle Mais, with said individuals acting in their official capacities, in an amount which will fully and fairly compensate them for their injuries and damages, for attorney's fees, for interest and costs as allowed by law, for punitive damages and for such other and further relief as may be just in the premises.

## COUNT IV-EQUAL PROTECTION

51. McCabe and Nelson replead and reallege paragraphs 1 through 50 as fully set forth herein.

52. The Defendants, Macaulay, Parker, Michael, the Iowa State Patrol, Bailey, Busch, Linn County, and Michelle Mais, with said individuals acting in their official capacities, violated the rights of McCabe and Nelson to equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution and Section Six of the Iowa Constitution, by treating them differently than individuals who supported the policies of the

Bush Administration. Plaintiffs have complied with the requirements of the Federal Torts Claim Act with regard to the Iowa State Constitutional Claims.

53. The Defendants, Macaulay, Parker, Michael, the Iowa State Patrol, Bailey, Busch, Linn County, and Michelle Mais, with said individuals acting in their official capacities, had a policy and/or practice of unlawfully and illegally targeting those individuals expressing dissent with the policies of the Bush Administration for arrest, imprisonment and strip search.

54. The Defendants, Macaulay, Parker, Michael, the Iowa State Patrol, Bailey, Busch, Linn County, and Michelle Mais, with said individuals acting in their official capacities, in acting to deprive McCabe and Nelson of their equal protection right as guaranteed by the Fourteenth Amendment to the United States Constitution and Section Six to the Iowa Constitution, proximately caused injuries and damages to the Plaintiffs.

WHEREFORE, the Plaintiffs Nelson and McCabe pray for judgment against the Defendants, Macaulay, Parker, Michael, the Iowa State Patrol, Bailey and Busch, Linn County, and Michelle Mais, with said individuals acting in their official capacities, in an amount which will fully and fairly compensate them for their injuries and damages, for attorney's fees, for interest and costs as allowed by law, for punitive damages and for such other and further relief as may be just in the premises.

## COUNT V-SUBSTANTIVE DUE PROCESS

55. McCabe and Nelson replead and reallege paragraphs 1 through 54 as fully set forth herein.

56. The Defendants, Macaulay, Parker, Michael, the Iowa State Patrol, Bailey, Busch, Linn County, and Michelle Mais, with said individuals acting in their official

capacities, violated the rights of McCabe and Nelson to substantive due process as guaranteed by the Fourteenth Amendment to the United States Constitution and Section Nine of the Iowa Constitution. Plaintiffs have complied with the requirements of the Federal Torts Claim Act with regard to the Iowa State Constitutional Claims.

57. The Defendants, Macaulay, Parker, Michael, the Iowa State Patrol, Bailey, Busch, Linn County, and Michelle Mais, with said individuals acting in their official capacities, had a policy and/or practice of unlawfully and illegally denying substantive due process to individuals expressing dissent with the policies of the Bush Administration.

58. The Defendants, Macaulay, Parker, Michael, the Iowa State Patrol, Bailey, Busch, Linn County, and Michelle Mais, with said individuals acting in their official capacities, in acting to deprive McCabe and Nelson of their substantive due process rights as guaranteed by the Fourteenth Amendment to the United States Constitution and Section Nine to the Iowa Constitution, proximately caused injuries and damages to the Plaintiffs.

WHEREFORE, the Plaintiffs Nelson and McCabe pray for judgment against the Defendants, Macaulay, Parker, Michael, the Iowa State Patrol, Bailey, Busch, Linn County, and Michelle Mais, with said individuals acting in their official capacities, in an amount which will fully and fairly compensate them for their injuries and damages, for attorney's fees, for interest and costs as allowed by law, for punitive damages and for such other and further relief as may be just in the premises.

### COUNT VI-CONSPIRACY TO VIOLATE CONSTITUTIONAL RIGHTS

59. McCabe and Nelson replead and reallege paragraphs 1 through 58 as fully set forth herein.

60. Defendants, Macaulay, Parker, Michael, the Iowa State Patrol, Bailey, Busch, Linn County, and Michelle Mais, with said individuals acting in their official capacities, conspired to deprive Nelson and McCabe of their civil rights and Constitutional Rights in violation of 42 U.S.C. §1985(3).

61. The Defendants conspired to deprive McCabe and Nelson of their rights to freedom of speech, freedom of assembly, freedom from unreasonable search and seizure, equal protection of the laws and substantive due process, based upon Nelson and McCabe's status as protestors of the policies of the Bush Administration, particularly the war in Iraq.

62. McCabe and Nelson have been damaged and deprived of their rights as citizens of the United States and of the State of Iowa as a direct and proximate result of the Defendants' illegal and unconstitutional acts, as set out above.

WHEREFORE, the Plaintiffs Nelson and McCabe pray for judgment against the Defendants, Macaulay, Parker, Michael, the Iowa State Patrol, Bailey, Busch, Linn County, and Michelle Mais, with said individuals acting in their official capacities, in an amount which will fully and fairly compensate them for their injuries and damages, for attorney's fees, for interest and costs as allowed by law, for punitive damages and for such other and further relief as may be just in the premises.

## JURY DEMAND

McCabe and Nelson hereby request a jury trial on all issues raised by their Complaint.

Respectfully submitted,

**WILLEY, O'BRIEN, L.C.**
3519 Center Point Road NE
Cedar Rapids, Iowa 52406-2008
Phone: (319) 390-5555
Fax: (319) 378-1413
E-mail: dobrien@willeylaw.com

By: /s/ *David A. O'Brien*
DAVID A. O'BRIEN, AT0005870

*ATTORNEY FOR PLAINTIFFS*

ORIGINAL FILED.

COPY TO:

Jeffrey C. Peterzalek
Assistant Attorney General
Department of Justice
Hoover Building, 2nd Floor
1305 E. Walnut
Des Moines, IA 50319
*ATTORNEY FOR DEFENDANTS, Iowa State Patrol, Troy Bailey & Rick Busch*

Todd D. Tripp
Assistant County Attorney
Linn County Courthouse
51 3rd Avenue Bridge
Cedar Rapids, IA 52401
*ATTORNEY FOR DEFENDANT, Linn County & Michelle Mais*

Peter D. Keisler, Assistant Attorney General
Jeffrey S. Bucholtz, Deputy Assistant Attorney General
Timothy P. Garren, Director, Torts Branch
Zachary C. Richter, Trial Attorney, Torts Branch
United States Department of Justice
Civil Division
P.O. Box 7146
Ben Franklin Station
Washington, D.C. 20044

Charles W. Larson, Sr.
United States Attorney

Lawrence D. Kudej
Assistant United States Attorney
P.O. Box 74950
Cedar Rapids, IA  52407

*ATTORNEYS FOR DEFENDANTS, Macaulay, Parker, & Michael*

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on the  11th  day of    September   , 2007, by:

- ☐ U.S. Mail
- ☐ Hand Delivered
- ☐ FedEx/Airborne Express
- ☐ FAX
- ☐ Certified Mail
- ✓ ECF

Signature:   */s/ Tammy S. Tronvold*