# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

ALICE MCCABE and CHRISTINE NELSON,

    Plaintiffs,

vs.

THE UNITED STATES OF AMERICA, BRUCE MACAULAY, TROY BAILEY, RICK BUSCH, LINN COUNTY, IOWA and MICHELLE MAIS,

    Defendants.

No. 05-CV-73-LRR

**ORDER**

_____

## *I. INTRODUCTION*

The matter before the court is the Motion to Dismiss ("Motion") (docket no. 176), which was filed by Defendant The United States of America ("United States").

## *II. ANALYSIS*

The court assumes that the parties are familiar with the complex procedural history of this case. At present, Plaintiffs Alice McCabe and Christine Nelson assert various state constitutional claims against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq*. In the Motion, the United States argues that the court lacks subject matter jurisdiction over such claims.

Plaintiffs bear the burden of proving subject matter jurisdiction. *V S Ltd. P'Ship v. HUD*, 235 F.3d 1109, 1112 (8th Cir. 2000). "To sue the United States, [a plaintiff] must show both a waiver of sovereign immunity and a grant of subject matter jurisdiction." *Id.*

In relevant part, 28 U.S.C. § 1346(b)(1) grants district courts subject matter jurisdiction over

    civil actions on claims against the United States, for money

> damages . . . for injury or loss of property, or personal injury
> or death caused by the negligent or wrongful act or omission
> of any employee of the Government while acting within the
> scope of his office or employment, under circumstances where
> the United States, if a private person, would be liable to the
> claimant in accordance with the law of the place where the act
> or omission occurred.

28 U.S.C. § 1346(b)(1); *see also* 28 U.S.C. § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.").

The United States's argument that the court does not have subject matter jurisdiction over Plaintiffs' state constitutional claims is two-pronged. First, the United States argues that the court lacks subject matter jurisdiction, because Iowa law does not provide a cause of action for violations of state constitutional provisions and, therefore, the United States would not be liable under "the law of the place where the act or omission occurred." *Id.* Second, the United States argues that, even if Iowa law were to provide a cause of action for violations of state constitutional provisions, such cause of action would not apply to "a private person." *Id. See generally United States v. Olson*, 546 U.S. 43 (2005) (discussing the so-called "private-sector analogue" requirement). The United States has briefed both issues extensively in a twenty-page brief attached to its Motion.

Plaintiffs have filed only one paragraph of argument in support of their Resistance. Plaintiffs argue that the United States's first argument is barred, because in a prior order the court held as to other defendants in this case that Iowa law provides a cause of action for violations of state constitutional provisions. Plaintiffs wholly fail to respond to the United States's second argument.

In its Reply, the United States aptly points out that "Plaintiffs fail to recognize, or to grapple with, the FTCA's separate and additional 'private analogue' requirement."

Reply (docket no. 179), at 2.

The Local Rules require a party resisting a motion to "file a brief containing a statement of the grounds for resisting the motion and citations to the authorities upon which the resisting party relies . . . ." LR 7.1.e. Plaintiffs have failed to comply with this rule with respect to the United States's second argument.

"A failure to comply with the Local Rules may be sanctioned by the court in any appropriate manner." LR 1.1.f. "Sanctions may include . . . the striking of pleadings or other filings . . . ." *Id.* This is not the first time that Plaintiffs have failed to comply with Local Rule 7.1. *See, e.g.*, Order (docket no. 174) (denying Plaintiffs' motion to compel, because Plaintiffs did not file a brief in support of such motion as required by Local Rule 7.1.d). Accordingly, the court shall strike the Resistance in its entirety and grant the Motion as unresisted.

### III. DISPOSITION

**IT IS THEREFORE ORDERED THAT** the Motion (docket no. 176) is **GRANTED**. Plaintiffs' state constitutional law claims are dismissed as to the United States, and the United States is **DISMISSED** from this lawsuit.

**IT IS SO ORDERED.**

**DATED** this 20th day of November, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA