IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| ALICE MCCABE and<br>CHRISTINE NELSON,<br><br>        Plaintiffs,<br><br>vs.<br><br>BRUCE MACAULAY,<br>UNITED STATES OF AMERICA,<br>TROY BAILEY, RICK BUSCH,<br>LINN COUNTY, and<br>MICHELLE MAIS,<br><br>        Defendants. | No. C05-0073<br><br>**RULING ON RENEWED MOTION<br>TO COMPEL** |

## TABLE OF CONTENTS

*I. INTRODUCTION*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*II. BACKGROUND FACTS*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*III. ANALYSIS*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    A. *Do the Interrogatories Violate Rule 33(a)?*. . . . . . . . . . . . . . . . . . 3
    B. *Is the Requested Information Relevant?*. . . . . . . . . . . . . . . . . . . . 4
        1.     Prior ruling on similar issue. . . . . . . . . . . . . . . . . . . . 5
        2.     Relevance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    C. *Is the Requested Information Privileged?*. . . . . . . . . . . . . . . . . . . 8

*IV. ORDER*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## I. INTRODUCTION

This matter comes before the Court on the Renewed Motion to Compel (docket number 175) filed by the Plaintiffs on October 31, 2007.[1] Plaintiffs request that the Court enter an order compelling Defendant Bruce Macaulay to supplement his answers to certain interrogatories. Pursuant to Local Rule 7.1.c, the motion will be decided without oral argument.

## II. BACKGROUND FACTS

On September 27, 2007, Defendant Bruce Macaulay served his Second Supplemental Response to Plaintiffs' First Set of Interrogatories. Macaulay objected and refused to respond to Interrogatory Numbers 18, 19, and 21, and objected and refused to respond to a part of Interrogatory Number 22. (The disputed portion of the supplemental response was attached to the instant motion as Exhibit A (docket number 175-2).)

In Interrogatory Number 18, Plaintiffs ask Macaulay to "describe your political beliefs on a scale of one to ten, with 1 being very liberal, 5 being moderate, and 10 being very conservative." In Interrogatory Number 19, Plaintiffs ask Macaulay to "identify the source of most of your political news or current events," and further identify "any network, show, paper, periodical, and/or site that you regularly view." Interrogatory Number 21 asks Macaulay if "you support, oppose, or have no opinion regarding George W. Bush's policy toward Iraq." Not only do Plaintiffs seek information in Interrogatory Number 21 regarding Macaulay's views in this regard on September 3, 2004 (the date of the incident giving rise to this action), they also inquire "whether your position has changed at all from the time the Iraq war started to the present," "when and why the change occurred," and the identity of "friends, colleagues or relatives with whom you have discussed the merits of the war in Iraq."

---

[1] The motion is identical to a Motion to Compel (docket number 167) filed by Plaintiffs on October 9, 2007. That motion was denied due to Plaintiffs' failure to file a supporting brief, as required by Local Rule 7.1.d. *See* Ruling on Motion to Compel (docket number 174).

2

Defendant Bruce Macaulay objects to these Interrogatories for three reasons: First, it is argued that each Interrogatory "exceeds the number allowed by FEDERAL RULE OF CIVIL PROCEDURE 33(a)"; second, Macaulay claims that each Interrogatory "seeks information that is irrelevant and outside the scope of discovery"; and third, Macaulay argues that each Interrogatory "seeks information that is privileged from disclosure under the First Amendment." Regarding Interrogatory Number 19 (concerning sources for political views), Macaulay objects for the further reason that the Interrogatory "is vague and ambiguous."

Interrogatory Number 22 asks Macaulay to disclose his full name, "County and State where you live," date of birth, educational background, and military background. Macaulay provided information regarding his education and military experience, but objected to disclosure of his birth date or the county and state of his residence, arguing that the information "is irrelevant and outside the scope of discovery." Macaulay further argues that disclosure of the information "would place government employees and their families at risk of retaliation from persons adversely affected by the official actions of the employee."

### III. ANALYSIS

#### A. *Do the Interrogatories Violate Rule 33(a)?*

The first objection raised by Macaulay in his Supplemental Response to Plaintiffs' Interrogatories is that each interrogatory "exceeds the number allowed by FEDERAL RULE OF CIVIL PROCEDURE 33(a)." A party may serve interrogatories "not exceeding 25 in number including all discrete subparts" without leave of court. FED. R. CIV. P. 33(a). "Leave to serve additional interrogatories shall be granted to the extent consistent with the principles of Rule 26(b)(2)." *Id.* Macaulay does not brief this objection, however, nor has the Court been provided with the remaining interrogatories. Accordingly, the Court is unable to determine whether leave of court was required. Therefore, the Court finds that Macaulay's objection in this regard should be denied.

## B. Is the Requested Information Relevant?

Macaulay's second objection is that the information sought "is irrelevant and outside the scope of discovery." A party is entitled to discover relevant non-privileged information.

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

FED. R. CIV. P. 26(b)(1).

Plaintiffs argue that the requested information is relevant to their First Amendment retaliation claim. Citing *Curley v. Village of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001), Plaintiffs assert that to prevail on a First Amendment retaliation claim, they must prove, among other things, that Macaulay's actions "were motivated or substantially caused" by Plaintiffs' exercise of their First Amendment rights. In his resistance to Plaintiffs' renewed motion to compel, Macaulay agrees that Plaintiffs have the burden of proving that his actions resulted from improper viewpoint-based reasons. Macaulay argues, however, that his source of news (information sought in Interrogatory Number 19) and place of residence (information sought in Interrogatory Number 22) are "far removed from the ultimate purpose for which they are sought--to ascertain Special Agent Macaulay's political beliefs and affiliations--and ultimately would fail to provide plaintiffs with any information relevant to the legal issues in this case."[2]

---

[2] Macaulay's Memorandum in Resistance (docket number 183-2) at 6.

## 1. Prior ruling on similar issue.

Preliminarily, Macaulay argues that the Order filed by the Court on October 6, 2006, is dispositive of these issues. On October 4, 2006, the State Defendants filed a Motion for Protective Order (docket number 95), requesting that the Court enter an order prohibiting Plaintiffs from questioning them "with respect to their political beliefs, political associations, political contributions, and political affiliations." A telephonic hearing was held before Magistrate Judge Paul A. Zoss on October 6, 2006, and he entered an Order (docket number 98) later that day. Judge Zoss concluded that the Motion should be granted in part and denied in part.

> The State defendants (and, specifically, not the federal defendants) must answer the question set forth at page 53, line 13, of Troy Bailey's deposition (*see* Doc. No. 95, p. 9), to the extent it asks the witness to state whether he has volunteered time or, on his personal time, attended a political rally in support of a candidate for public office, limited to the five-year time period preceding September 3, 2000 [sic]. The objection to the remainder of the question is sustained. Also sustained are the objections to the questions set forth at page 51, line 23, regarding the witness's political party registration; page 54, line 21, regarding the degree to which the witness considers himself to be liberal or conservative in his political beliefs; and page 57, line 7, regarding the witness's opinion of the war between the United States and Afghanistan.

*See* Order (docket number 98). While the Court has not been provided with the depositions referred to in the Order, it would appear that the information sought at the depositions is similar to the information sought in Interrogatory Numbers 18, 21, and 22(b).[3]

---

[3] While the Interrogatory requests Macaulay to provide the county and state of his residence, Plaintiffs acknowledge that the information is needed "so that they can check on his publicly available voter registration [including, presumably, party affiliation] and voting record." *See* Plaintiffs' Renewed Motion to Compel (docket number 175), ¶ 4 at 2.

5

It is unclear from his brief whether Macaulay argues that Judge Zoss's Order constitutes "the law of the case," or whether he simply believes the ruling should be persuasive to the Court in considering the instant Motion. As described by the Eighth Circuit Court of Appeals, the law of the case doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *First Union Nat. Bank v. Pictet Overseas Trust Corp.*, 477 F.3d 616, 620 (8th Cir. 2007) (quoting *Arizona v. California*, 460 U.S. 605 (1983)). The underlying intent of the doctrine is to "prevent the relitigation of settled issues in a case, thus protecting the settled expectations of parties, ensuring uniformity of decisions, and promoting judicial efficiency." *Id.* The doctrine does not apply to interlocutory orders, however, "for they can always be reconsidered and modified by a district court prior to entry of a final judgment." *Id.* (quoting *United States v. Hively*, 437 F.3d 752, 766 (8th Cir. 2006)). While the Court is influenced by Judge Zoss's conclusions on these issues, the Court does not believe that his Order is dispositive.

2.  *Relevance.*

As set forth above, Plaintiffs are entitled to discover any relevant evidence which is not otherwise privileged. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. In this case, whether Macaulay's actions were motivated by Plaintiffs' viewpoints is a "fact that is of consequence to the determination of the action." Therefore, it is necessary to determine whether the information sought has a tendency to make that fact more or less probable.

In Interrogatory Numbers 18 and 21, Plaintiffs directly seek information regarding Macaulay's political beliefs. Interrogatory Number 18 asks Macaulay to "describe your political beliefs" and Interrogatory Number 21 asks Macaulay for his opinion regarding the "policy toward Iraq." In Interrogatory Numbers 19 and 22, however, Plaintiffs seek information regarding Macaulay's political beliefs by a more circuitous path. Interrogatory

Number 19 asks for Macaulay's sources of information regarding political news or current events, and Interrogatory Number 22 is an attempt to discover Macaulay's political affiliation, if any.

Plaintiffs allege, and must prove, that Macaulay treated them differently, including subjecting them to improper arrest, due to the viewpoints being expressed by Plaintiffs at the rally in Noelridge Park. The "fact of consequence" is whether Macaulay's actions were motivated or substantially caused by Plaintiffs' exercise of their First Amendment rights. If there is evidence that the political beliefs held by Macaulay on September 3, 2004, differed substantially from that being expressed by Plaintiffs, then the Court believes that the establishment of the consequential fact is more probable than it would be without that evidence. Accordingly, the evidence is "relevant" pursuant to FEDERAL RULE OF EVIDENCE 401, and subject to discovery pursuant to FEDERAL RULE OF CIVIL PROCEDURE 26(b)(1), unless otherwise privileged. Similarly, the Court concludes that Macaulay's opinion on September 3, 2004, regarding President Bush's "policy toward Iraq" is also relevant.[4]

The Court concludes, however, that the information sought by Plaintiffs in Interrogatory Numbers 19 and 22 (regarding news sources and party affiliation) is more attenuated to the consequential fact of whether Macaulay's actions were politically motivated. Plaintiffs offer no evidence that a person's political views may be accurately predicted from the news sources which he reads or views, and the Court cannot take judicial notice of that proposition. Simply because one watches a particular network or show, or reads a particular newspaper or magazine, does not make it "more or less probable" that he holds a particular view on a specific subject. The Court reaches a similar conclusion regarding a person's political party affiliation. Therefore, the Court

---

[4] The Court does not believe it is relevant, however, regarding whether Macaulay's position has changed since that time, when and why it changed, or the identity of persons with whom he has "discussed the merits of the war in Iraq."

7

concludes that the information sought in Interrogatory Numbers 19 and 22 is not relevant to any consequential fact and is, therefore, not discoverable.[5]

### C. *Is the Requested Information Privileged?*

Macaulay also argues that "[d]iscovery requests seeking disclosure of political affiliations impinge on the privacy of association and belief guaranteed by the First Amendment even if those discovery requests come from private parties."[6] Each of the cases cited by Macaulay in support of his claim, however, involve requests for disclosure of membership lists or other similar information. *See, e.g., Gibson v. Florida Legislative Investigation Committee*, 372 U.S. 539 (1963) (plaintiff not required to provide membership list); *NAACP v. Alabama*, 357 U.S. 449 (1958) (plaintiff not required to disclose its membership list); *Grandbouche v. Clancy*, 825 F.2d 1463 (10th Cir. 1987) (plaintiff not required to provide membership list and mailing list of an association which he founded); *Savola v. Webster*, 644 F.2d 743 (8th Cir. 1981) (plaintiff not required to disclose the names and addresses of all members and sympathizers of the Minnesota Communist Party); *Adolph Coors Co. v. Wallace*, 570 F. Supp. 202 (N.D. Cal. 1983) (defendant organization not required to disclose the identity of some of its members and sources of its financial backing); and *Pollard v. Roberts*, 283 F. Supp. 248 (E.D. Ark. 1968) (plaintiff not required to disclose the identities of contributors to a political party and the amounts of their contributions). Obviously, Macaulay is not being asked to provide membership lists of organizations to which he belongs, and these cases have no direct application here.[7]

---

[5] Given the Court's conclusion in this regard, it is unnecessary to consider Macaulay's additional arguments that Interrogatory Number 19 is vague and ambiguous, and that a response to Interrogatory Number 22 would imperil his personal security.

[6] Macaulay's Memorandum in Resistance (docket number 183-2) at 7.

[7] Plaintiffs did not address Macaulay's privilege argument in their Brief in Support of Renewed Motion to Compel (docket number 175-3), nor did they file a reply brief.

The cases suggest a balancing test must be employed to determine whether one party's need for the requested information outweighs the other party's First Amendment privilege. *Adolph Coors Co. v. Wallace*, 570 F. Supp. at 205 ("A good-faith interjection of First Amendment privilege to a discovery request however, mandates a comprehensive balancing of the plaintiffs' need for the information sought against the defendants' constitutional interests in claiming the privilege."). The Court in *Grandbouche v. Clancy* identified factors to be considered by the Court in conducting a "balancing test":

> Among the factors that the trial court must consider are (1) the relevance of the evidence; (2) the necessity of receiving the information sought; (3) whether the information is available from other sources; and (4) the nature of the information. The trial court must also determine the validity of the claimed First Amendment privilege. Only after examining all of these factors should the court decide whether the privilege must be overborne by the need for the requested information.

825 F.2d at 1466-67 (citing *Silkwood v. Kerr-McGee Corp*, 563 F.2d 433 (10th Cir. 1977)). The need for the information must be "sufficiently cogent and compelling" to outweigh the other party's right to hold the information private. *Savola v. Webster*, 644 F.2d 743, 747 (8th Cir. 1981) (citing *Pollard v. Roberts*, 283 F. Supp. 248, 257 (E.D. Ark. 1968)).

A determination of relevance is fundamental in weighing the discoverability of the information sought. For example, in *Savola*, the Court concluded that the Plaintiff was not required to disclose the names of party members and sympathizers since "[t]he defendant has failed to show a substantial relationship between allegations in the complaint and the need to know the identities of members and sympathizers based on the 'compelling and cogent interest' test set forth above." 644 F.2d at 747. On the other hand, the Plaintiff was required to respond to interrogatories which "do relate to specific allegations in the complaint regarding harassment and violations of constitutional rights." *Id. See also Pollard*, 283 F. Supp. at 257 ("The basis of our decision is that there is no showing

here that the identities of Party contributors and the amounts of their contributions are reasonably relevant.").

Turning to the facts in the instant action, the Court has concluded above that Macaulay is not required to disclose his news sources or information which would allow Plaintiffs to determine his political party affiliation. As set forth above, that information is not relevant to a fact of consequence. The Court has also concluded, however, that evidence regarding political beliefs held by Macaulay on September 3, 2004, is relevant to the issue of whether his actions on that date were politically motivated.

The Court has carefully weighed Plaintiffs' need for the evidence against Macaulay's constitutional interests. The Court concludes that the information sought in Interrogatory Numbers 18 and 21 (regarding political beliefs and views on the war in Iraq) are directly relevant to an element in Plaintiffs' cause of action against Macaulay. The Court believes that Macaulay's desire to keep his political views private is overborne by Plaintiffs' compelling need for the evidence. Disclosure of Macaulay's personal views does not substantially impact his First Amendment right of association. Accordingly, the Court concludes that Macaulay should be compelled to respond to Interrogatory Number 18 and Interrogatory Number 21 (as limited in footnote 4 above).

## IV. ORDER

IT IS THEREFORE ORDERED that the Renewed Motion to Compel (docket number 175) filed by the Plaintiffs is hereby **GRANTED** in part and **OVERRULED** in part, as follows:

Defendant Bruce Macaulay shall, within ten (10) days following the entry of this Order, supplement his answers to Interrogatory Numbers 18 and 21 (as limited in footnote 4 above).

DATED this 27th day of November, 2007.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA