IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| ALICE MCCABE and<br>CHRISTINE NELSON,<br><br>    Plaintiffs,<br><br>vs.<br><br>BRUCE MACAULAY,<br>UNITED STATES OF AMERICA,<br>TROY BAILEY, RICK BUSCH,<br>LINN COUNTY, and<br>MICHELLE MAIS,<br><br>    Defendants. | No. C05-0073<br><br>**ORDER AUTHORIZING<br>ADDITIONAL DEPOSITIONS** |

This matter comes before the Court on the Motion for Leave to Notice Additional Depositions (docket number 177) filed by Defendant Bruce Macaulay on November 2, 2007, the Response (docket number 181) filed by the Plaintiffs on November 15, 2007, and the Reply (docket number 182) filed by Macaulay on November 19, 2007. Pursuant to Local Rule 7.1.c, the Motion will be decided without oral argument.

Macaulay requests that the Court grant him leave to notice four additional depositions. According to the Motion, Macaulay has deposed four persons and has noticed six additional depositions.[1] Macaulay seeks leave to depose four additional witnesses: Jessica McAninch, Steve O'Konek, John Bay, and a representative of the City of Cedar Rapids.

---

[1] At the time of filing of the Motion, Macaulay had deposed the two Plaintiffs and two persons who submitted affidavits on Plaintiffs' behalf. In addition, Macaulay had noticed the depositions of three other persons who submitted declarations on Plaintiffs' behalf and noticed the depositions of Plaintiff Christine Nelson's three treating physicians.

1

In their response to Macaulay's Motion, Plaintiffs do not object to the entry of an order allowing Macaulay to take the depositions of Jessica McAninch, Steve O'Konek, and John Bay. Plaintiffs argue, however, that before the Court authorizes a deposition of a representative of the City of Cedar Rapids, it is necessary for Macaulay to designate the witness pursuant to Rule 30(b)(6). In his Reply, Macaulay suggests that "Plaintiffs misunderstand the process outlined in Rule 30(b)(6)."

FEDERAL RULE OF CIVIL PROCEDURE 30(a)(2)(A) provides that absent a written stipulation of the parties, leave of court is required to take in excess of ten depositions. Pursuant to the Rule, leave of court "shall be granted to the extent consistent with the principles stated in Rule 26(b)(2)." FED. R. CIV. P. 30(a)(2). Rule 26(b)(2)(A) provides the Court may "alter the limits" on the number of depositions under Rule 30. In addition, however, Rule 26(b)(2)(C) provides that discovery may be limited if the Court determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

FED. R. CIV. P. 26(b)(2)(C).

Macaulay seeks to depose a representative of the City of Cedar Rapids in order to "address the City's involvement in the rally" and determine "how Noelridge Park was designated for use by rally organizers." The discovery sought is not unreasonably cumulative or duplicative, nor is it obtainable from some other source that is "more convenient, less burdensome, or less expensive." The Court believes that the additional deposition requested by Macaulay is "consistent with the principles stated in Rule

26(b)(2)." Accordingly, the Court finds that leave to take the deposition should be granted pursuant to FEDERAL RULE OF CIVIL PROCEDURE 30(a)(2).

Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6), Macaulay may name the City of Cedar Rapids in a notice of deposition, describing "with reasonable particularity the matters on which examination is requested." The City of Cedar Rapids must then designate one or more persons to testify on its behalf. The City must designate a person who will "testify as to matters known or reasonably available to the organization."

In their Brief in Response to Macaulay's Motion, Plaintiffs request that the Court enter an order "not allowing Defendant Macaulay to take any further depositions in this case." Even if the Court concluded that Plaintiffs' request in this regard is a properly filed motion, it concludes that such an order would be inappropriate. Any additional request to take a deposition in excess of the number permitted by the rules must be determined on a case-by-case basis, pursuant to FEDERAL RULE OF CIVIL PROCEDURE 30(a)(2)(A) and 26(b)(2), as set forth above.

## ORDER

IT IS THEREFORE ORDERED that the Motion for Leave to Notice Additional Depositions (docket number 177) filed by Defendant Bruce Macaulay is hereby **GRANTED**.

DATED this 27th day of November, 2007.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA