# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

ALICE MCCABE and CHRISTINE NELSON,

    Plaintiffs,

vs.

BRUCE MACAULAY, TROY BAILEY, RICK BUSCH and MICHELLE MAIS,

    Defendants.

No. 05-CV-73-LRR

**ORDER**

## I. INTRODUCTION

The matter before the court is Plaintiffs' Motion in Limine ("Motion") (docket no. 221).

## II. RELEVANT PRIOR PROCEEDINGS

On April 8, 2008, Plaintiffs Alice McCabe and Christine Nelson filed the Motion. On April 15, 2008, Defendants Bruce Macaulay, Troy Bailey and Rick Busch filed a Resistance.[1] On April 22, 2008, the court held a hearing on the Motion.

## III. ANALYSIS

In the Motion, Plaintiffs ask the court to order Defendants not to: (1) introduce any evidence of settlement negotiations amongst the parties; (2) inform the jury that Plaintiffs filed the instant Motion; (3) make any requests in front of the jury that Plaintiffs stipulate to any facts or the admissibility of any evidence; (4) refer to or elicit testimony from any person "not previously identified and fully disclosed as required by the Federal Rules of Civil Procedure," Motion at 2; (5) make "[a]ny claim that the two women depicted in Exhibits 44 and 29 are the Plaintiffs," *id.*; (6) make "[a]ny reference to a dispute between

---

[1] Defendant Michelle Mais did not respond to the Motion.

John Bay and the Internal Revenue Service," *id.*; (7) make "[a]ny claim that any of the Defendants have a 'good character or reputation' or the lack of any prior complaints regarding any of the Defendants," *id.*; and (8) make "[a]ny claim that the Defendants treated protestors at John Kerry rallies in the same manner as they treated protesters at George W. Busch [sic] rallies," *id*. The court discusses each of these eight categories of evidence, in turn.

### A. Settlement Negotiations

First, Plaintiffs ask the court to order Defendants not to introduce any evidence of settlement negotiations amongst the parties. Defendants affirmatively state that they do not resist this portion of the Motion. Further, Federal Rule of Evidence 408 states that evidence of settlement negotiations is generally inadmissible. Fed. R. Evid. 408; *see also* Fed. R. Evid. 402 (stating that irrelevant evidence is inadmissible). Accordingly, the court grants this portion of the Motion.

### B. Filing of the Motion

Second, Plaintiffs ask the court to order Defendants not to inform the jury that Plaintiffs filed the instant Motion. Defendants affirmatively state that they do not resist this portion of the Motion. In any event, the mere fact that Plaintiffs filed the Motion is irrelevant and therefore inadmissible at trial. Fed. R. Evid. 402. That is, evidence that Plaintiffs filed the Motion does not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence." Fed. R. Evid. 401. Accordingly, the court grants this portion of the Motion.

### C. Stipulations

Third, Plaintiffs ask the court to order Defendants not to make any requests in front of the jury that Plaintiffs stipulate to any facts or the admissibility of any evidence. Defendants affirmatively state that they do not resist this portion of the Motion. Further,

2

the court agrees that it is not proper for a party to ask for a stipulation from another party in front of the jury. Accordingly, the court grants this portion of the Motion.

### D. Undisclosed Witnesses

Fourth, Plaintiffs ask the court to order Defendants not to refer to or elicit testimony from any person "not previously identified and fully disclosed as required by the Federal Rules of Civil Procedure," Motion (docket no. 221), at 2; *see, e.g.*, Fed. R. Civ. P. 26 (requiring disclosure of potential witnesses). Defendants affirmatively state that they do not resist this portion of the Motion. Accordingly, the court grants this portion of the Motion.

### E. Identity of Two Women

Fifth, Plaintiffs ask the court to order all Defendants not to make "[a]ny claim that the two women depicted in Exhibits 44 and 29 are the Plaintiffs." Motion (docket no. 221), at 2. Plaintiffs argue:

> Paragraph 5 of the Motion refers to speculation regarding the identity of two (2) women depicted in Trial Exhibits 44 and 29. The depicted women are violating security restrictions by walking for approximately one block on the north side of 42nd Street, west of the bus entrance. One witness, Steve DeMeulenaere, speculated at his deposition that the women depicted in Trial Exhibits 44 and 29 are probably the Plaintiffs and that is why they were arrested. The women depicted are clearly not the Plaintiffs. Compare the clothes worn by the women in Trial Exhibit 29 with those worn by the Plaintiffs in Trial Exhibit 45. While lay witnesses may provide opinions in certain circumstances, speculative testimony is not allowed at trial. Speculative testimony, or that which is not based on the perception of a lay witness, is inadmissible. See Washington v. Department of Transp., 8 F.3d 296, 300 (5th Cir. 1993). In addition, Plaintiffs' request set out in paragraph 5 of their Motion should be sustained based on relevancy and prejudice grounds. See Federal Rules of Evidence 402 and 403.

Brief in Support of Motion (docket no. 221-2), at 3 (formatting errors in original).

Defendants resist this portion of the Motion. Defendants argue that this portion of the Motion is premature. Further, the Defendants argue:

> Defendants may question witnesses concerning Plaintiffs' proposed exhibits 29 and 44, two photographs purportedly taken by Steve DeMeulenaere. The relevance, weight, and admissibility of such testimony will depend on developments at trial, such as the testimony of various witnesses concerning the photographs, the arguments made, and whether or not the photographs can be properly authenticated in order to be admitted at all. *See* Fed. R. Evid. 901 (before an exhibit can be admitted in evidence, it must be authenticated, or identified as being that which the proponent claims it to be); Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible."). Consequently, at this time, the Court should not restrict testimony concerning Plaintiffs' proposed exhibits 29 and 44.

Brief in Resistance (docket no. 224-2), at 2.

The court declines to order Defendants not to make any claim that the two women depicted in Exhibits 29 and 44 are not Plaintiffs. Throughout this action, Plaintiffs have asked the court to let the jury decide the "who, what, where, when and how" of their arrests and the surrounding circumstances. Defendants may ask DeMeulenaere about the content of his photographs and if he knows whether they depict Plaintiffs.[2] Accordingly, the court denies this portion of the Motion.

### F. *John Bay's Problems with the IRS*

Sixth, Plaintiffs ask the court to order Defendants not to make "[a]ny reference to a dispute between John Bay and the Internal Revenue Service." Motion at 2. Plaintiffs argue:

> During his deposition, counsel for Defendant Macaulay

---

[2] The court assumes without deciding that Plaintiffs are able to lay a proper foundation for the photographs.

4

> questioned Bay about a dispute he had with the I.R.S. that ended up with him paying some interest and penalty on a disallowed deduction. Any questions about such a prior tax dispute are irrelevant to the issues presented in this case. Therefore, pursuant to Federal Rule of Evidence 402, such questions should not be allowed. Such evidence does not establish conviction of a crime under Federal Rule of Evidence 609. Such evidence is not probative of truthfulness or untruthfulness pursuant to the Federal Rule of Evidence 608(a). United States v. Beal, 430 F.3d 950, 956 (8th Cir. 2005)("[T]he court [has] wide discretion to allow questioning during cross-examination on specific bad acts not resulting in the conviction of a felony if those acts concern the witness's credibility."); [see also] U.S. v. Elmardoudi, Slip Copy, 2007 WL 1877978 (N.D. Iowa 2007). To the extent that any questions on this issue have any relevancy, the prejudicial effect substantially outweighs the probative value. Therefore, this issue should not be presented to the jury pursuant to Federal Rules of Evidence 403. Id.

Brief in Support of Motion (docket no. 221-2), at 3-4. Defendants affirmatively state that they do not resist this portion of the Motion. Accordingly, the court grants this portion of the Motion.

### *G. Character Evidence*

Seventh, Plaintiffs ask the court to order counsel for Defendants not to make "[a]ny claim that any of the Defendants have a 'good character or reputation' or the lack of any prior complaints regarding any of the Defendants." Motion at 2. Plaintiffs argue:

> Federal Rule of Evidence 404(a) states, "[e]vidence of a person's character or trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion. . . ." None of the exceptions set out in Rule 404 apply to any of the Defendants in this case. "Character evidence is admissible as substantive evidence [only] when character is in issue." Blake [v]. Cich, 79 F.R.D. 398, 403 [(D. Minn. 1978) citing McCormick on Evidence, [§]187 (2d Ed. 1972))]. When the parties' character is not a

5

substantive issue in the case, the entry of character evidence would only be relevant as "circumstantial evidence, i.e., that [defendant] likely acted in conformity with [his] good character on the day of the incident." Id. "Such testimony is irrelevant." Id. Therefore, the Defendants should not be allowed to introduce evidence of their good character or lack of prior complaints at trial. In addition, such evidence would be irrelevant and prejudicial. See Fed. Rules Evid. 402 and 403.

Brief in Support of Motion (docket no. 221-2), at 3-4. In response, Defendants argue:

> The Court should deny the relief sought . . .[, which is] a preemptive order that no witness can testify as to Defendants' "good character or reputation," or about the lack of any prior complaints against them. Pls.' Motion in Limine at 2; Pls.' Brief at 4-5. Plaintiffs have necessarily put Special Agent Macaulay's, Trooper Bailey's, and Trooper Busch's character and reputation at issue by the very nature of the proceeding itself. *See* Fed. R. Evid. 404(a) (evidence of a person's character or of a trait of his character is admissible if it is evidence of a pertinent trait in light of the elements of the offense charged); Fed. R. Evid. 405 (reputation evidence admissible where character or trait of character essential element of claim); *cf. Meints v. Huntington*, 276 F. 245, 252 (8th Cir. 1921) (character evidence not admissible in civil actions, unless character or reputation is put in issue by the very proceeding itself). Plaintiffs allege that each of the Defendants' actions were motivated by animus against their political beliefs or message, and as Plaintiffs previously conceded, "[s]pecific proof of improper motivation is required in order for Plaintiffs to prevail on a First Amendment retaliation claim." Br. in Supp. of Pls.' Renewed Mot. To Compel (Doc. No. 175-3) at 3 (citing *Blue v. Koren*, 72 F.3d 1075, 1082-83 (2d Cir.1995)); *see also Williams v. City of Carl Junction, Mo.*, 480 F.3d 871, 877-78 (8th Cir. 2007) (plaintiff must satisfy the required elements of a retaliation claim by showing that the official's actions were motivated by retaliatory animus); *Technical Ordnance, Inc. v. United States*, 244 F.3d 641, 651-52 (8th Cir. 2001) (no First Amendment violation without a showing of improper motive). Indeed,

6

> Plaintiffs' recent filings have indicated their intentions to make Defendants' veracity and character an issue at trial. *See* [sic] *See* generally Resist. to Macaulay's Mot. Summ. J. (Doc. No. 203); Resist. to State Def. Mot. Summ. J. (Doc. No. 205). Therefore, testimony concerning Defendants' character and reputation as law enforcement officers, and particularly the lack of prior complaints against them, is both relevant and probative of their motive and intent. *See* Fed. R. Evid. 401, 402; *see also White v. Honeywell, Inc.*, 141 F.3d 1270, 1276 (8th Cir. 1998) (evidence of prior acts of discrimination relevant to defendant's motive in Title VII case); *Jay Edwards, Inc. v. New England Toyota Distrib., Inc.*, 708 F.2d 814, 824 (1st Cir. 1983) (pattern of retaliatory practices probative of motive and intent); *Miller v. Poretsky*, 595 F.2d 780, 784 (D.C. Cir. 1978) (prior acts of landlord towards other black tenants had bearing on whether he discriminated against plaintiff, also a black tenant). Furthermore, Plaintiffs have failed to present any basis for concluding that evidence of Defendants' character or reputation as law enforcement officers, or the lack of prior complaints against them, would be unfairly prejudicial to Plaintiffs. *See* Fed. R. Evid. 403.

Brief in Resistance (docket no. 224-2), at 2-4.

Subject to several discrete limitations not relevant here, Federal Rule of Evidence 404(a) provides that "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion . . . ." Fed. R. Evid. 404(a). Similarly, Federal Rule of Evidence 404(b) generally provides that "[e]vidence of other . . . acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Applying these rules, Defendants appear to concede that they are forbidden from introducing evidence at trial that they are, for example, "good, fair-minded law enforcement officers" for the purpose of proving that they were good, fair-minded law enforcement officers at the time of President George W. Bush's re-election rally ("Rally") in September of 2004.

On the other hand, Federal Rule of Evidence 404(b) provides that evidence of their other acts "may be . . . admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." Fed. R. Evid. 404(b). As Defendants point out, Plaintiffs previously conceded that "[s]pecific proof of improper motivation is required in order for Plaintiffs to prevail on a First Amendment retaliation claim." Brief in Support of Plaintiffs' Renewed Motion to Compel (doc. no. 175-3) at 3 (citing *Blue v. Koren*, 72 F.3d 1075, 1082-83 (2d Cir. 1995)). More recently, Plaintiffs submitted to the court a draft jury instruction that makes Defendants' motive for arresting Plaintiffs an issue in this case. *See* Joint Proposed Jury Instructions (docket no. 230), at 26 (proposed Instruction No. 16A). Evidence that Defendants have treated anti-Bush protestors and Bush supporters evenhandedly in the past makes it more likely that they did not have the motive, intent or plan to illegally discriminate against Plaintiffs at the Rally. *Cf. White v. Honeywell, Inc.*, 141 F.3d 1270, 1276 (8th Cir. 1998) (holding that evidence of prior acts of discrimination was relevant to defendant's motive in Title VII and § 1981 discrimination-in-employment case); *Jay Edwards, Inc. v. New England Toyota Distrib., Inc.*, 708 F.2d 814, 824 (1st Cir. 1983) (holding that district court did not abuse its discretion in admitting evidence of prior retaliatory practices under Rule 404(b), because such evidence was probative of retaliatory motive and intent); *Allen v. Perry*, 279 F. Supp. 2d 36, 46-47 (D.D.C. 2003) ("[I]t is settled beyond all question in this Circuit that other acts of discrimination, identical to the kind of discrimination charged, are admissible under Rule 404(b) to prove motive or intent." (Citations omitted.))

Further, the court is presently unable to find that the dangers of unfair prejudice, confusion of the issues, misleading of the jury, undue delay or waste of time substantially outweigh the introduction of the sort of other-acts evidence discussed herein. Fed. R. Evid. 403. To forestall any potential unfair prejudice, the court shall give the jury a

8

limiting instruction. *See, e.g., United States v. Betterton*, 417 F.3d 826, 832 (8th Cir. 2005) (approving of limiting instruction to forestall misuse of other-acts evidence). In addition, the court may limit the scope and quantity of Defendants' other-acts evidence at trial pursuant to Federal Rule of Evidence 403. The court will not permit Defendants to unduly waste time or confuse the jury with ancillary factual matters.

Accordingly, the court denies this portion of the Motion.

### *H. Treatment of Protestors at Other Rallies*

Eighth, Plaintiffs ask the court to order Defendants not to make "[a]ny claim that the Defendants treated protestors at John Kerry rallies in the same manner as they treated protesters at George W. Busch [sic] rallies." Motion at 2. Specifically, Plaintiffs argue:

> [This portion of] the Motion involves how Defendant Macaulay claims he treated protesters at other rallies. That claim is generally contradicted by Affidavits and newspaper articles submitted by the Plaintiffs showing that not a single protester was arrested at a Kerry event, and that hundreds of protesters were arrested at Bush events. Macaulay's activity at other political rallies is irrelevant to the events that occurred at the subject rally. In addition, the introduction of such testimony is sought in an effort to establish that Macaulay acted in conformance with his prior acts and inadmissible for the same reasons set out above in the discussion regarding [character evidence].

Brief in Support of Motion (docket no. 221-2), at 5 (citations omitted). To this argument, Special Agent Macaulay responds:

> [For reasons similar to those expressed with respect to Plaintiffs' argument about character evidence], the Court should deny the relief sought by Plaintiffs . . . —an order excluding evidence that Defendants did not discriminate against protestors at other rallies. Macaulay's performance of his duties as a Special Agent, and Trooper Bailey and Trooper Busch's performance of their duties for the Iowa State Patrol, are entirely relevant to the case at hand. Fed. R. Evid. 401,

9

> 402. That Defendants have not engaged in arbitrary or discriminatory arrests at other political rallies makes it more probable that they did not possess the alleged improper motive in this case. Once again, Plaintiffs offer no basis for concluding that evidence concerning Defendants' performance of their duties as law enforcement officers would be unfairly prejudicial.

Brief in Resistance (docket no. 224-2), at 4 (citations and footnote omitted).

The court's prior discussion of character evidence, *see supra* Part III.G, applies to this portion of the Motion. In other words, Special Agent Macaulay's treatment of protestors at other political rallies is simply one type of character evidence upon which the court previously ruled. Accordingly, the court denies this portion of the Motion for the reasons expressed in Part III.G. Fed. R. Evid. 404(b); Fed. R. Evid. 403.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED:**

(1) Plaintiffs' Motion (docket no. 221) is **GRANTED IN PART AND DENIED IN PART**; and

(2) The parties must not directly or indirectly refer to or elicit answers from witnesses on the prohibited subjects. Each party is charged with the responsibility of cautioning its witnesses as to the substance of this Order.

**IT IS SO ORDERED.**

**DATED** this 23rd day of April, 2008.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA