# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| ALICE MCCABE and CHRISTINE NELSON, | |
| Plaintiffs, | No. 05-CV-73-LRR |
| vs. | **ORDER** |
| W. RALPH BASHAM, TOM RIDGE, MICHAEL PARKER, HOLLY MICHAEL, BRUCE MACAULAY, MICHELLE MAIS and THE UNITED STATES OF AMERICA, | |
| Defendants. | |

_____

## *I. INTRODUCTION*

The matter before the court is "Plaintiffs' Motion for Certification for Interlocutory Appeal" ("Motion") (docket no. 337).

## *II. RELEVANT PRIOR PROCEEDINGS*

On October 13, 2008, Plaintiffs filed the Motion. Defendant Mais and the various former federal defendants ("Federal Defendants") have not filed responses, although the time for doing so has not passed. Because the Final Pretrial Conference is only three days away and trial is less than two weeks away, the court elects to rule on the Motion without waiting for responses. *See* LR 7.1.e (providing that the district court may elect to rule on a motion without waiting for a response "if circumstances . . . warrant").

## *III. ANALYSIS*

In the Motion, Plaintiffs ask the court to certify this entire matter for an interlocutory appeal to the Eighth Circuit Court of Appeals. Specifically, Plaintiffs "seek to appeal whether a [partial] new trial should have been granted for Defendant Mais on damages, and whether judgment should have been entered with respect to many of the

Federal Defendants." Brief in Support of Motion (docket no. 337-2) ("Brief"), at 2.

Plaintiffs invoke 28 U.S.C. § 1292(b), which provides:

> **(b)** When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, [she] shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b) (emphasis in original). "'Section 1292(b) establishes three criteria for certification: the district court must be of the opinion that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation.'" *Union County, Iowa v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (per curiam) (quoting *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994)). The party seeking certification "'bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted.'" *Id.* (quoting *White*, 43 F.3d at 376). The court must "keep in mind that '[i]t has . . . long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants.'" *Id.* "'Permission to allow interlocutory appeals should thus be granted sparingly and with discrimination.'"

Even if the court were to assume that Plaintiffs have properly identified "controlling questions of law," they have not shown that there is substantial ground for difference of

opinion or that certification would materially advance the ultimate termination of this litigation. Any appeal on the merits of any order involving a Federal Defendant is destined to fail because of the retroactive application of 28 U.S.C. § 2676, the Federal Tort Claims Act's judgment bar. *See McCabe v. Macaulay*, No. 05-CV-73-LRR, 2008 WL 2980013, *13-14 (N.D. Iowa Aug. 1, 2008) (cited with approval by *Manning v. United States*, Nos. 07-1120 & 07-1427, 2008 WL 4459204, *7-*8 (7th Cir. Oct. 6, 2008)).[1] With respect to the court's order granting Defendant Mais's motion for a partial new trial on damages, there is not substantial ground for difference of opinion. "'The authority to grant a new trial . . . is confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980). Further, on the issue of damages, "'excessiveness of a verdict is basically, and should be, a matter for the trial court which has had the benefit of hearing the testimony and of observing the demeanor of witnesses and which knows the community and its standards . . . .'" *Wilmington v. J.I. Case Co.*, 793 F.2d 909, 922 (8th Cir. 1986) (quoting *Solomon Dehydrating Co. v. Guyton*, 294 F.2d 439, 447-48 (8th Cir. 1961)). Therefore, the court's decision to order a partial new trial in this case on the issue of damages is, by its very nature, a particularly poor candidate for interlocutory review. *See White*, 43 F.3d at 377 ("A legal question of the type referred to in § 1292(b) contrasts with a 'matter for the

---

[1] Further, the record belies Plaintiffs' argument that "Judgment was entered in favor of the United States allegedly because Plaintiff [sic] did not file a Brief, when in fact Plaintiff [sic] did file a Brief that is viewable in PACER." Brief at 3. Judgment was entered in favor of the United States because Plaintiffs failed to respond to the United States's argument. *See McCabe v. United States*, No. 05-CV-73-LRR, 2007 WL 4179831, *1-*2 (N.D. Iowa Nov. 20, 2007) (explaining that Plaintiffs failed to respond to one of the United States's arguments for dismissal and granting motion to dismiss as unresisted (citing LR 7.1 & LR 1.1)). In conjunction with this argument, Plaintiffs also erroneously state: "Judgment was entered against Defendant Macaulay by the Court after summary judgment had been denied." Brief at 3. The court never entered judgment against Defendant Macaulay.

discretion of the trial court.'") (quoting *Garner v. Wolfinbarger*, 430 F.2d 1093, 1096-97 (5th Cir. 1970)). In any event, the motion for a partial new trial on damages did not present the court with novel legal issues or unsettled law. *See White*, 43 F.3d at 377 n.3 ("[T]hese issues are not novel, nor is there a substantial basis for difference of opinion, as the law is relatively well-settled."). Plaintiffs opine that the court erred in comparing the jury's now-vacated damage awards to awards in other garden-variety strip- and visual-body-cavity-search cases yet Plaintiffs cite no cases to demonstrate that such comparison was, as they allege, "inconsistent with Eighth Circuit and United States Supreme Court precedent." Brief at 2. At most, the Eighth Circuit Court of Appeals has cautioned courts about the helpfulness of such comparisons; the court recognized this cautionary principle in its order granting the partial new trial. *See* Order (docket no. 318), at 29-30 n.14 (citations omitted). Lastly, permitting an interlocutory appeal would not materially advance the ultimate termination of this litigation. An interlocutory appeal would (1) delay one of the oldest open cases on the court's docket; (2) needlessly complicate matters in an already complicated case; and (3) impose significant burdens upon both the Eighth Circuit Court of Appeals and the litigants, because it would most likely result in piece-meal appeals.

## *IV. CONCLUSION*

The Motion (docket no. 337) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 14th day of October, 2008.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA