IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| ALICE MCCABE and CHRISTINE NELSON, Plaintiffs, vs. MICHELLE MAIS, Defendant. | No. C05-0073 ORDER REGARDING JURY SELECTION |

On the 24th day of October 2008, this matter came on for telephonic hearing to discuss jury selection issues, pursuant to the Court's Order (docket number 350) filed on October 17, 2008. Plaintiffs were represented by their attorney, David A. O'Brien. Defendant was represented by her attorney, Todd A. Tripp.

At the time of hearing, Mr. O'Brien indicated that he had no objections to Defendant's proposed voir dire, as set forth in docket numbers 344 and 360. The only objections made by Defendant to Plaintiffs' requested voir dire, as set forth in docket numbers 343 and 352, are identified in a Motion to Strike Plaintiffs' Proposed Voir Dire Questions Nos. 1-6 (docket number 363). At the time of hearing, Mr. O'Brien indicated that Plaintiffs are withdrawing their requested voir dire questions 1, 3, 4, and 5. Accordingly, the only disputed voir dire questions are:

    2.    Please identify your major sources for news: a) Newspapers -- identifying the newspaper(s) you read regularly; Television -- identifying the networks you view regularly; Radio -- identifying the shows you listen to regularly; and Internet -- identifying the sites you visit regularly.

    6.    Did you support the invasion of Iraq? If so, do you continue to support that war?

Prior to the first trial, Plaintiffs submitted the same six proposed voir dire questions. In its Order Regarding Jury Selection (docket number 245), the Court prohibited Plaintiffs from asking prospective jurors whether they supported the invasion of Afghanistan or Iraq. For the reasons previously stated, the Court reaches the same conclusion here.

Prior to the first trial, the Court also concluded that counsel should be prohibited from questioning prospective jurors regarding their "major sources for news." The Court wrote: "[w]hen balancing the limited insight provided to the parties by the requested information against the privacy rights of prospective jurors, the Court concludes that inquiry into their viewing or reading habits should be prohibited." *See* Order Regarding Jury Selection (docket number 245) at 9.

At the instant hearing, however, Mr. O'Brien noted that the same question is posed to prospective jurors in the questionnaire provided by the Clerk of Court. Specifically, the juror questionnaire asks:

> Please list the newspapers and magazines that you regularly read.
>
> Please list any TV news programs that you regularly watch.

The Court concludes that the information provided in the juror questionnaire adequately addresses the issue. I agree with the Court in *United States v. Serafini*, 57 F. Supp. 2d 108 (M.D. Pa. 1999), which found that "[w]hatever marginal insights trial lawyers and their jury consultants may gain from this information is markedly outweighed by concerns Orwellian." *Id.* at 114 (citing *United States v. McDade*, 929 F. Supp. 815 (E.D. Pa. 1996)).

Accordingly, Defendant's motion to strike proposed voir dire question numbers 2 and 6 will be granted. The motion to strike regarding question numbers 1, 3, 4, and 5 will be denied as moot, since those questions were voluntarily withdrawn by Plaintiffs.

### ORDER

IT IS THEREFORE ORDERED that Defendant's Motion to Strike (docket number 363) is hereby **GRANTED** in part and **DENIED** in part as follows: The motion shall be

granted regarding Plaintiffs' requested voir dire questions 2 and 6. The motion is denied as moot regarding questions 1, 3, 4, and 5, for the reason that Plaintiffs have voluntarily withdrawn those requested voir dire questions.

DATED this 25th day of October, 2008.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA